Bob GREENWOOD, O.S.P. #71274,
Petitioner,

v.

Ray PAGE, Respondent.

No. A–14436.

Court of Criminal Appeals of Oklahoma.

Feb. 21, 1968.

Bob Greenwood, petitioner, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

On September 20, 1967 Bob Greenwood (also known as Hagan Nelson "Bob" Greenwood) filed in this Court his petition for writ of habeas corpus, alleging that on February 5, 1965 he entered a plea of guilty to a charge of carrying concealed weapon after former conviction of felony, and was sentenced to serve one year in the state penitentiary, case No. 4549 in the district court of Pontotoc County.

Petitioner's only ground for relief is that he did not have an attorney at the time of entering his plea of guilty, and when he was sentenced.

The Attorney General filed a demurrer and response in this case, and attached thereto a certified copy of the judgment and sentence on plea of guilty, and also copy of the court minutes covering case No. 4549.

The copy of the judgment and sentence, dated February 5, 1965, recites that the defendant was present in person with his attorney, Carloss Wadlington, but the minute of the court on that date recites that the defendant appeared in person and withdrew his plea of not guilty and entered a plea of guilty to the charge. The record further shows that the court asked defendant if he had any objection to being sentenced at

that time, and defendant stated he was ready to be sentenced. Whereupon, the court sentenced him to serve one year in the penitentiary, the minimum sentence provided.

Because of this discrepency in the journal entry and the minutes of the court, this Court ordered the district court of Pontotoc County to conduct an evidentiary hearing, in keeping with Title 22 O.S.A. § 1073, and rule 25 of this Court, and to make findings of fact on the issues so raised.

In keeping with the order of this Court, the judge of the district court of Pontotoc County, Judge Lee R. West, had the petitioner brought from the penitentiary to Pontotoc County, appointed an attorney to represent him, and on February 6, 1968 held an evidentiary hearing.

A transcript, which includes the findings of fact of the court, has been filed in this Court. Therein Judge West said:

"The Court finds that this defendant was, from November 9, 1964, represented by an attorney—Mr. Carloss Wadlington, in case No. 4549. The Court further finds that Mr. Wadlington made appearances on behalf of the defendant on November the ninth, November the sixteenth, and November the twenty-third, of 1964. The Court further finds that the defendant did appear in court on February 5, 1965 and changed his plea from "not guilty" to "guilty". The Court finds that the defendant's attorney, Carloss Wadlington, was not present in court at the time the defendant changed his plea to "guilty". * * * There is evidence to support a finding, and this Court does find that the defendant had been previously advised of all of his constitutional rights, and specifically, his right to be represented by counsel at all proceedings, and that he was aware of such right. The Court further finds that there is no affirmative evidence that the defendant vocally, or orally, waived his right to counsel, at the time of the hearing on February 5, 1965, at which time he changed his plea of "guilty", but the Court finds that he was aware of his right to counsel, and that by changing his plea, and appearing, did voluntarily and willingly waive his right to such counsel at that time.

"It is, therefore, the opinion of this Court that the constitutional rights of the defendant have not been violated."

This Court observes that the petitioner, who is 41 years of age, at the evidentiary hearing was asked by his counsel, and answered:

"Q Did you make your decision to plead guilty by yourself, or were you influenced in any way by any other persons, Mr. Greenwood? A I was doing it my own self—it was my desire to plead guilty.

Q No deals or promises were ever made to you concerning your plea of guilty? A I was promised a years sentence if I would enter a plea of guilty, and I requested it at that time, and I was in prison.

\*　　\*　　\*　　\*　　\*　　\*

"Q And this promise was made to you by the county attorney at that time? A Yes, sir.

Q Was this promise kept? A Yes, sir.

\*　　\*　　\*　　\*　　\*　　\*

"Q Did you ever request an attorney, Mr. Greenwood? A. No, I figured that I could do it on my own, since I had entered a plea of guilty here in this courtroom without an attorney several times.

Q You say, then, you had pleaded guilty in times past without the aid of an attorney; had you ever pleaded guilty in times past with the aid of an attorney? A Yes, occasionally, or once or twice."

And on cross-examination:

"Q And did he [Mr. Wadlington] represent you at any hearings on this case? A Yes.

Q You knew that he was your attorney, then, in this case? A Yes.

Q Did you request his presence when you entered your plea of guilty? A No.

Q Why didn't you do that? A Well, as I said a while ago, I desired to enter a plea of guilty, and when I was allowed to plead guilty for a year's sentence, I felt that I could do it on my own, and I was still ignorant of the fact that I was supposed to have an attorney.

Q Well, you had had an attorney, no one ever tried to deny you an attorney, had they? A No, sir."

From the records before us and in the office of the Department of Corrections, we find that this defendant was sentenced to the penitentiary in 1951, 1953, 1956, 1958, 1962; and on December 10, 1964 was sentenced from Oklahoma County to serve seven years. That at the time he was sentenced from Oklahoma County he was at liberty on bail on the charge here involved in Pontotoc County. The County Attorney of Pontotoc County testified that in the last week of December, 1964 he made a trip to the penitentiary to talk with this petitioner about another matter; and while there discussed this case with him; and that during the latter part of the next month petitioner was returned to Pontotoc County and entered his plea of guilty to this charge, and judgment and sentence was entered February 5, 1965.

After carefully reading and considering the record before us, including the transcript of the evidentiary hearing, we find that this petitioner was represented by counsel in this case prior to the time he entered his plea of guilty, and that he waived his right to have counsel present at such time, and knowingly and voluntarily entered a plea of guilty.

The writ of habeas corpus is denied.

BUSSEY, J., concurs.